# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: July 10, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ANGEL TAJAH DRAKEFORD, | * | |
| | * | No. 16-1134V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Dismissing Petition; |
| AND HUMAN SERVICES, | * | Failure to Prosecute. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

James Mixon Griffin, Lewis Babcock & Griffon, LLP, for petitioner.
Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DISMMISSING PETITION[1]

On September 19, 2016, Angel Tajah Drakeford ("petitioner") filed a petition for compensation in the National Vaccine Injury Program, 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that she developed headaches and left leg weakness as a result of receiving the HPV, Tdap, and meningococcal vaccinations on September 16, 2013.  Petition at ¶¶ 2, 9.

On March 30, 2017, respondent filed his Rule 4(c) Report recommending against compensation.  A scheduling order was issued the same day in which petitioner was ordered to file additional medical records and an expert report compliant with Althen v. Sec'y of Health & Human Servs., 418 F.3d 1271, 1278 (Fed. Cir. 2005), by Tuesday, May 30, 2017.  Although the requested medical records were filed on April 28, 2017, petitioner failed to file an expert report or request a motion for extension of time by May 30, 2017.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

On June 1, 2017, the undersigned issued an Order allowing petitioner an additional seven days to comply with the March 30, 2017 Order to file an expert report. Order dated June 1, 2017 (ECF No. 22). Petitioner was warned that if she failed to file an expert report or a motion for extension of time by June 6, 2017, an Order to Show Cause as to why the case should not be dismissed would issue. Id. Despite this warning, petitioner did not meet her deadline.

The undersigned issued an Order to Show Cause on June 7, 2017. The Order stated that if petitioner failed to file an expert report by July 7, 2017, this inaction would be interpreted as an inability to provide supporting documentation for her claim, and her case would be dismissed with prejudice. Order to Show Cause dated June 7, 2017 (ECF No. 23). Although petitioner was given a second opportunity to file an expert report or a motion for extension of time, petitioner did not file an expert report or make any other attempts to communicate with the Court regarding her deadline.

To receive compensation under the Program, petitioner must prove either: 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does she allege that she suffered a "Table Injury." Further, the record does not contain any persuasive evidence indicating that petitioner's injury was caused by the vaccinations she received on September 16, 2013.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In addition, it is a petitioner's obligation to follow court orders and non-compliance is not favorably considered. Failure to follow court orders, as well as failure to file medical records or an expert medical opinion, can result in dismissal of a petitioner's claims. Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993) aff'd per curiam without opin.; Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

Petitioner has missed three deadlines directing her to file an expert report, and she has been unresponsive to court orders. To date, an expert report has not been filed in her case. Petitioner has also failed to communicate with the Court since April 2017 and has not responded to any of the Court's directions. Petitioner was warned that failure to comply with the Court's orders could result in the dismissal of her case for failure to prosecute. Order dated June 1, 2017 (ECF No. 21); Order dated June 7, 2017 (ECF No. 23).

**Thus, this case is dismissed for insufficient proof and failure to prosecute. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                          s/Nora Beth Dorsey
                                                          Nora Beth Dorsey
                                                          Chief Special Master